UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| CHESTER E. BATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:20-CV-813-DPM |
| | ) |
| WRIGHT MEDICAL TECHNOLOGY, INC., | ) |
| | )   JURY TRIAL DEMANDED |
| Defendant. | ) |

## PROTECTIVE ORDER

The Court enters this Order pursuant to Federal Rule of Civil Procedure 26 to protect the specific and serious trade secret or other confidential research, development, or commercial information and confidentiality interests of the Parties to the above-captioned matter as well as any third parties from whom information is sought in this matter, and to expedite discovery without delay caused by possible disputes regarding claims of confidentiality of information, documents and things that may contain or constitute trade secrets, confidential research and development, and any commercial, financial or other proprietary information.

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26, that:

### I.   SCOPE OF PROTECTIVE ORDER

**1.01   Scope of Order.**

This Order shall apply to discovery initiated by any of the parties to one or more other parties or to any third parties and shall apply to all information, documents, electronically stored information ("ESI"), and things in the possession of or under the control of any party or third party subject to discovery in this action. This Order shall further govern the production of documents

and information supplied in this case in any form by a party and designated by that producing party as embodying "Confidential" or "Attorneys' Eyes Only" material for purposes of discovery or otherwise. This Order also governs the Parties' agreement for access to documents from JCCP 4710: Wright Hip System Cases, pending before Judge Ann Jones in the Superior Court of California, Los Angeles County (the "JCCP"). Per the Parties' written agreement on access to the JCCP materials, the parties have agreed that those materials are also still governed by—and that they agree to follow—any and all protective orders from the JCCP. In the event of a conflict between protective orders entered in this action and in the JCCP as it pertains to JCCP materials, the parties will meet and confer and make good faith efforts to reach a resolution in the interest of efficiency and cost savings.

## II. PROCEDURES FOR PROTECTION OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

### 2.01 "Confidential" and "Attorneys' Eyes Only" Information Defined.

"Confidential" material shall include any non-public material that any Party or third party reasonably and in good faith believes contains or reveals trade secrets; confidential research, development or commercial information, including but not limited to inspections of premises or things; or other proprietary or sensitive information or know-how that derives its value from secrecy, or such material the public disclosure of which would cause any Party, or third parties identified therein, undue annoyance or embarrassment. The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential Material, as well as testimony and oral conversations derived therefrom or related thereto.

This litigation may also require a Party or third party to produce documents, testimony, or other material that is highly confidential. This may include materials containing particularly

sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a "Confidential" designation. In order to adequately protect such highly confidential material, by limiting access to the same, a producing party may designate such material as "Attorneys' Eyes Only."

The scope of this Order shall further allow either Plaintiff or Defendant to this action to designate materials produced by any third parties as "Confidential" or "Attorneys' Eyes Only," as defined by the terms of this Order, that the Designating Party reasonably and in good faith believes contains or reveals trade secrets; confidential research, development or commercial information, including but not limited to inspections of premises or things; or other proprietary or sensitive information or know-how that derives its value from secrecy, or such material the public disclosure of which would cause the Designating Party, or third parties identified therein, undue annoyance or embarrassment.

**2.02    Designation of Confidential and Attorneys' Eyes Only Information.**

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each premise or thing or portion thereof which is deemed by any Party to disclose (1) confidential information (hereinafter "Confidential Information"), will be identified and labeled as "CONFIDENTIAL;" or (2) attorney's eyes only information (hereinafter "Attorneys' Eyes Only Information"), will be identified and labeled as "ATTORNEYS' EYES ONLY."

Such identification and marking shall be made at the time when the Producing Party provides responses, documents, inspections, or things that it considers to be Confidential or Attorneys' Eyes Only Information. In the case of documents or materials produced by a third party, any Party wishing to designate any materials or documents as "Confidential" or "Attorneys' Eyes Only" under the terms of this Order shall give notice to all parties to this action of the

designations within fourteen (14) days of receipt of the documents. During the 14-day period, all third party documents shall be deemed to be confidential or attorneys' eyes only per the requested designations. In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence, if any, within fourteen (14) days after the receipt of the transcript of the deposition, if such request for a confidential or attorneys' eyes only designation is not made at or during the deposition. Counsel must make a good faith attempt to designate only those materials which contain sensitive business or personnel matters, not available to the general public, as Confidential or Attorneys' Eyes Only Information. During the 14-day period, the entire deposition transcript shall be deemed to be confidential and attorneys' eyes only until specific designations are made..

Further, at the beginning of any physical inspection of any tangible item, premise, or thing or portion thereof, either party, through counsel, may declare the inspection itself, and any and all visual observations, measurements, drawings, depictions, photographic and videotaped images, audio-taped and transcribed audio-taped information, recordings of any kind, notes, and any documents received or generated related to the physical inspection as containing Confidential and Attorneys' Eyes Only Information.

### 2.03 Disputes as to Confidential or Attorneys' Eyes Only Information.

A party may object to the designation of particular Confidential or Attorneys' Eyes Only Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating to pursue the matter and seek relief within (10) additional business days in compliance with the specific rules of this Court as outlined in Dkt. #10 (*inter alia*, requiring that the parties first meet and confer in good faith and, if there is an impasse, then file a

4

joint report discussing the discovery disagreement). If such a joint report to the Court on the discovery impasse is timely filed within those ten (10) additional business days, the disputed information shall be treated as Confidential or Attorneys' Eyes Only Material under the terms of this Protective Order until the Court rules on the issue. If the designating party fails to seek Court intervention within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as Confidential or Attorneys' Eyes Only Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Attorneys' Eyes Only Material.

### III. AUTHORIZED USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION

**3.01 Use of Confidential or Attorneys' Eyes Only Information.**

Confidential and Attorneys' Eyes Only Information shall not be used or shown, disseminated, copied or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals, and only in compliance with this Order. Confidential and Attorneys' Eyes Only Information shall not be used for competitive purposes. No person shall under any circumstances sell, offer for sale, advertise or in any way disclose Confidential or Attorneys' Eyes Only Information (e.g., no person shall permit the viewing, dissemination, copying, recording, duplicating, transmitting or sharing of Confidential or Attorneys' Eyes Only Information). Counsel for Plaintiff and Defendant shall take necessary and reasonably proper precautions to prevent the unauthorized or inadvertent disclosure or distribution of any Confidential or Attorneys' Eyes Only Information.

A.  Disclosure of Confidential Information

Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Confidential Information shall be limited to the following persons:

(i) attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

(ii) all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose assistance is necessary in the preparation and trial of this action, and who have a need related to this litigation to review the Confidential Information, as well as the employees of the outside experts and consultants or the firm of such experts and consultants who have a need related to this litigation to review the Confidential Information;

(iii) all named parties who have made an appearance in this lawsuit;

(iv) the Court, Court Clerk and Court personnel working on the Action; and

(v) Court stenographer and outside copy service whose function requires them to have access to defendant's protected documents.

B.  Disclosure of Attorneys' Eyes Only Information

Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Attorneys' Eyes Only Information shall be limited to the following persons:

(i) attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

(ii) all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose assistance is necessary in the preparation and trial of this action, and who have a need related to this litigation to review the Attorneys' Eyes Only Information, as well as the employees of the outside experts and consultants or the firm of such experts and consultants who have a need related to this litigation to review the Attorneys' Eyes Only Information;

(iii) the Court, Court Clerk and Court personnel working on the Action; and

      (iv)    Court stenographer and outside copy service whose function requires them to have access to defendant's protected documents.

Copies of Confidential or Attorneys' Eyes Only Information bearing a label specified in paragraph 2.01 and 2.02 hereof shall not be disclosed to any person, other than those listed in paragraph 3.01, by the party to whom they are produced, unless they become a part of the public record of this action.

**3.02**    **Prerequisites to Disclosure.**

No person listed in Paragraph 3.01(A)(i) - (iii) or 3.01(B)(i)-(ii) shall be allowed access to Confidential or Attorneys' Eyes Only Information unless each such person is (i) given a copy of this Order and thoroughly advised as to its terms by the respective party's attorney; and (ii) agrees in writing to strictly comply with the terms of this Order through completion of the form that is attached to this Order as Exhibit 1. For the persons listed in Paragraph 3.01(A)(i) and 3.01(B)(i), the requirements of this Paragraph 3.02 can be met by the attorney of record completing the form attached as Exhibit 1 on behalf of the attorney and the attorney's agents or employees.

Before disclosing Confidential or Attorneys' Eyes Only Material to any person listed in paragraphs 3.01(A)(i) - (iii) or 3.01(B)(i) – (ii) herein who is known or considered to be a competitor (or an employee or consultant of a competitor of the party that so designated the discovery material), the party wishing to make such disclosure shall give at least seven (7) business days' advance notice in writing to the counsel who designated such discovery material as Confidential or Attorneys' Eyes Only Information, stating that such disclosure will be made, identifying by subject matter category the discovery material to be disclosed, and stating the purposes of such disclosure. If, within the seven (7) business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application. As used in this paragraph, the term "Competitor" means any medical

device manufacturer, distributor or seller other than Wright Medical Technology, Inc., Wright Medical Group, Inc., Cremascoli Ortho, Wright–Cremascoli, or Wright Medical Europe.

For each person in 3.01(A)(i) - (iii) or 3.01(B)(i) – (ii) to whom disclosure of Confidential or Attorneys' Eyes Only Information is made, each respective counsel shall retain a copy of the signed agreement pursuant to the requirements of the preceding paragraph.

### 3.03 Depositions.

The confidentiality requirements of this Order extend to oral depositions and depositions on written questions. Any individual not authorized by this Protective Order to be a recipient of Confidential or Attorneys' Eyes Only Information may be excluded from a deposition while such information is being elicited.

### 3.04 Filing Confidential or Attorneys' Eyes Only Information.

This order does not authorize the filing of any documents or other matter under seal. Per Fed. R. Civ. P. 5.2, the parties should also employ redaction if practicable before any filing under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section.

Confidential or Attorneys' Eyes Only Information shall not be filed with the Court except when required in connection with matters pending before the Court.

In the case of Confidential or Attorneys' Eyes Only Information being filed electronically, the filing party shall be responsible to file the documents under seal pursuant to all applicable Local Civil Rules.

In the case of Confidential or Attorneys' Eyes Only Information being provided to the Court as courtesy copies, the filing party shall be responsible to file the documents pursuant to all applicable Local Civil Rules and in a sealed envelope, clearly marked:

> THIS DOCUMENT CONTAINS CONFIDENTIAL
> OR ATTORNEYS' EYES ONLY INFORMATION
> COVERED BY A PROTECTIVE ORDER AND
> IS SUBMITTED UNDER SEAL PURSUANT TO THAT
> PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF
> THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT
> EXPRESS ORDER OF THE COURT

and shall remain sealed while in the office of the Clerk so long as they retain their Confidential or Attorneys' Eyes Only designation. Said Confidential or Attorneys' Eyes Only Information shall be kept under seal until further order of the Court; however, Confidential or Attorneys' Eyes Only Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

### 3.05 Use of Confidential or Attorneys' Eyes Only Information during the course of litigation and at trial.

Confidential or Attorneys' Eyes Only Information may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary so long as the filing party complies with the requirements of all applicable Local Civil Rules outlined in paragraph 3.04, above.

## IV. PROCEDURES UPON THE CONCLUSION OF THIS LITIGATION

### 4.01 Return of materials containing Confidential or Attorneys' Eyes Only Information.

Within thirty (30) days after entry of dismissal or of final judgment in this action, including appeals, all documents and information, together with all copies thereof that have been and remain designated as including Confidential or Attorneys' Eyes Only Information of Plaintiff or Defendant, pursuant to this Protective Order, shall be collected and returned to Plaintiff or Defendant, as the case might be. Additionally, Plaintiff's and Defendant's counsel shall cooperate in confirming that said documents and information in the possession of persons listed in 3.01(A)(i) - (iii) and 3.01(B)(i) – (ii) to whom disclosure has been made have been returned to Plaintiff or Defendant, as the case might be. If requested by Plaintiff or Defendant, all persons listed in 3.01(A)(i) - (iii) and 3.01(B)(i) – (ii) to whom any Confidential or Attorneys' Eyes Only Information was disseminated shall sign a certification to verify that all documents and materials in their possession, containing Confidential or Attorneys' Eyes Only Information, have been returned.

### 4.02 Continuing jurisdiction of the Court.

After termination of this litigation, the provisions of this Order shall continue to be binding for one year unless otherwise ordered by the Court. This Court retains and shall have jurisdiction over the parties and recipients of Confidential or Attorneys' Eyes Only Information for enforcement of the provisions of this Order during that period.

## V. MISCELLANEOUS PROVISIONS

### 5.01 Binding effect.

This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns,

employees, agents, independent contractors and other persons or organizations over which they have control.

### 5.02 No waiver or admission.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things. Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Confidential or Attorneys' Eyes Only Information and subject to this Protective Order.

### 5.03 Inadvertent Disclosure by Producing Party.

The inadvertent or unintentional disclosure by the Producing Party of Confidential or Attorneys' Eyes Only Information, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or concerning the same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY per the definitions in this Order as soon as reasonably possible after the Producing Party becomes aware of the erroneous release and shall

thereafter be treated as confidential hereunder. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed Confidential or Attorneys' Eyes Only Material from the time of receipt of that material until such time as the Producing Party properly designates it as confidential.

### 5.04 Privileges and Objections.

Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

### 5.05 Termination of Litigation.

This Order, insofar as it restricts the communication and use of Confidential and Attorneys' Eyes Only Information, shall survive and continue to be binding after the conclusion of this action for one year from such conclusion, and the Court shall retain jurisdiction over these parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary during that period.

At the conclusion of this action, including any appeals, all documents, records, tangible materials, or other information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and (except as provided herein with respect to documents reflecting privileged communication or attorney work product) and all copies of any of the foregoing shall be promptly returned by counsel for the Receiving Party to counsel for the Producing Party. In the alternative, to the extent that

documents reflecting privileged communications or attorney work product contain information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Receiving Party may, in lieu of returning such documents to the Producing Party, certify in writing to the Producing Party, within 30 days of the termination of the litigation, that such documents have been destroyed.

    **5.06**   **Relief from Order.**

Any person may request the Court to grant relief from any provisions of this Protective Order.

    **5.07**   **Exclusions.**

Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiff or Defendant, as the case might be, in this action. Nothing in this Protective Order shall prevent a party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated confidential or attorneys' eyes only under this Protective Order. Nothing in this Protective Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

    **5.08**   The Court retains the final and complete authority to redesignate any confidential document as a public document.

ORDERED this the ___19th___ day of ___January___ 2021.

___/s/ DPMarshall Jr.___
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2020

/s/ *Alex C. Davis, Esq.*
**JONES WARD PLC**
The Pointe
1205 E. Washington St., Suite 111
Louisville, KY 40206
Phone: (502) 882-6000
Fax: (502) 587-2007
alex@jonesward.com

Christopher D. Jennings, Esq,
(AR Bar No. 2006306)
**LINVILLE JOHNSON PLLC**
610 President Clinton Avenue
Suite 310
Little Rock, AR 72201
Phone: (501) 372-13000
Fax: (888) 505-0909
chris@yourattomey.com

*Attorneys for Plaintiff*

s/ Scott Andrew Irby
Scott Andrew Irby (AR Bar No. 99192)
**WRIGHT, LINDSEY & JENNINGS**
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201-3699
Phone (501) 212-1359
sirby@wlj.com

J. Scott Kramer, Esq. (PA Bar No. 32389)
Anne A. Gruner (PA Bar No. 323863)
**DUANE MORRIS LLP**
30 South 17th St.
Philadelphia, PA 19103-4196
Phone: 215-979-1197
Fax: 215-689-0844
JSKramer@duanemorris.com
AAGruner@duanemorris.com

*Attorneys for Defendant Wright Medical Technology, Inc.*

## Exhibit 1

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____ being duly sworn, state that:

1. My address is _____

2. My present employer is _____

and the address of my present employment is _____

3. My present occupation or job description is _____

_____

4. I have received a copy of the Protective Order in this case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION or any words, summaries, abstracts, or indices of CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION disclosed to me.

8. I will return all CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

_____

15